# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 04-cr-00188-REB-02
(Civil Action No. 08-cv-01882-REB)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

2. LUIS ALTAMIRANO-QUINTERO,

    Defendant-Movant.

## ORDER DENYING PETITION FOR RELIEF FROM
## JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(4) and (b)(6)

**Blackburn, J.**

The matter is before the court on the **Petition For Relief From Judgment Persuant** (*sic*) **To FED. R. CIV. P. 60(b)(4) and (b)(6)** [#313][1] filed September 6, 2011, by the defendant-movant.[2] I deny the motion.

Mr. Altamirano-Quintero advances two arguments. First, he contends that I "failed to address whether the search of defendant's person which was conducted without consent . . . was a Fourth Amendment violation. . . ." *See* Motion at 5. Second,

---

[1] "[#313]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Because Mr. Altamirano-Quintero is proceeding pro se, I view his motion more liberally and forgivingly than a paper prepared and filed by an attorney-at-law. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, as required, I have not acted as an advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

he claims that I violated the law of the case when I denied his first motion under 28 U.S.C. § 2255, because he claims that I inconsistently ruled at the suppression hearing that the issue of consent to search was not properly preserved in his motion to suppress, but that I proceeded to consider and resolve the issue in my order denying his § 2255 motion. *See id.* at 9-10. I address each argument *seriatim*.

Concerning his first contention, I find and conclude that I did address the issue of whether the search of his person was conducted with his knowing and voluntary consent. In my suppression order – and as rehearsed in my subsequent order denying § 2255 relief – I found that Mr. Altamirano-Quintero voluntarily, knowingly, intelligently, and intentionally consented to the search of his person, his motel room, and his vehicle. Thus, Mr. Altamirano-Quintero is not entitled to relief under Fed. R. Civ. P. 60(b).

Concerning his second contention, no relief is available on both procedural and substantive grounds. Procedurally, his claim that I violated the law of the case is not cognizable under Rule 60(b). Second, he is wrong that I ruled inconsistently. After scolding his attorney for failing to properly present the issue of consent to search in his motion to suppress, I, nevertheless, considered the issue of consent on its merits. I denied the motion to suppress on the grounds of lack of consent to search on substantive, not procedural, grounds.

**THEREFORE, IT IS ORDERED** that the **Petition For Relief From Judgment Persuant** (*sic*) **To FED. R. CIV. P. 60(b)(4) and (b)(6)** [#313] filed September 6, 2011,

by the defendant-movant is **DENIED**.[3]

Dated August 30, 2012, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

---

[3] In further support of my order, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its excellent and comprehensive response [#316] filed October 5, 2011.